IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-01116 - LTB - KMT

MOHAMMED PERVEZ, an individual,

    Plaintiff,

v.

HOME DEPOT, U.S.A., INC., d/b/a The Home Depot, a Delaware corporation; and
BRICE FOLAND, an individual,

    Defendants.
_____

# ORDER
_____

This matter is before me on Defendant Home Depot, U.S.A., Inc.'s ("Home Depot") Motion to Dismiss Plaintiff's Second and Third Claims for Relief [Doc # 4]. After consideration of the motion and all related pleadings, I grant the motion in part and deny it in part as set forth below.

## I. Background

Plaintiff was terminated from his position as a cashier at a Home Depot store on April 24, 2004. On September 22, 2004, Plaintiff filed a charge of discrimination with the EEOC on which he checked only the box for discrimination based on national origin. In the narrative section of the form, Plaintiff stated:

> I. In or about April 2004, I was terminated from my position as cashier.
> II. I was told I was terminated for offending a customer.
> III. I believe I was discriminated against because of my national origin, Pakistan, in violation of Title VII of the Civil Rights Act of 1964, as amended, in as much as (sic):

> a. I worked for the company since March 2000. My performance was always satisfactory. I received many awards.
> b. In or March 2004, someone painted a beard on my picture that was hanging in (sic) the wall of the employee lounge as a reward, and wrote Osama Bin Laden on one side and Sadam Husein (sic) on the other side of my picture. I complained about it, and the picture was removed.
> c. In April 2004, I was terminated. My supervisor told me that a customer had complained about me calling him "Osama Bin Laden," I explained that I had not done such a thing, but I was not given an opportunity to learn anything about the alleged complaint.

On September 24, 2004, Home Depot and the EEOC entered into a consent decree in *Thompson v. Home Depot, Inc.,* consolidated Civil Action Nos. 03-cv-00126 and 04-cv-01776, which established a fund for the settlement of certain Title VII claims against Home Depot. By letter dated February 14, 2005, the EEOC notified Plaintiff that it was holding his charge in abeyance pending a determination of what payment, if any, Plaintiff was entitled to from the settlement fund. There is no evidence that Plaintiff sought to supplement or amend his charge prior to this notice.

Plaintiff subsequently filed a claim under the *Thompson* consent decree on which he checked boxes indicating that he had complained of discrimination based on race; discrimination based on skin color; discrimination based on national origin; and discrimination based on religion. The claim form did not include a box for discrimination based on age. Plaintiff was awarded $7,022.47 from the settlement fund, and he signed a release whereby he released Home Depot "from any and all claims ... arising out of events which occurred between January 1, 2000 and September 23, 2004 and alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., including 42 U.S.C. § 2000e-3(a), by either (a) retaliation or (b) hostile work environment based on gender, race, or national origin."

On October 23, 2005, Plaintiff submitted a letter to the EEOC to explain why he had not submitted a completed question and answer form on time. In this letter, Plaintiff alleged that Home Depot falsely alleged that he had called a customer Osama Bin Laden as a pretext for terminating his employment because the new management had "[taken] a dislike to some old workers including [Plaintiff]." The vast majority of Plaintiff's letter was, however, devoted to documenting the difficulties he had endured since Home Depot terminated his employment and explaining why he had missed the deadline for submission of the completed question and answer form. Although Plaintiff's October 23, 2005 letter indicates that he submitted a completed question and answer form to the EEOC at some point in time, a copy of this form has not been provided to the Court.

On June 21, 2006, with the assistance of counsel, Plaintiff filed an "amended' charge of discrimination with the EEOC on which he checked the boxes for discrimination based on race, religion, national origin, retaliation, and age. The narrative section of the "amended" charge contains an allegation that Plaintiff was subjected to a hostile work environment at Home Depot and states that Plaintiff believes he has been discriminated against because of his race, national origin (Pakistani), religion (Islamic Muslim) and in retaliation, all in violation of Title VII, and because of his age in violation of the ADEA. In all other respects, the narrative section of Plaintiff's "amended" charge essentially mirrors that of his original charge.

The EEOC issued its determination on Plaintiff's Charge of Discrimination on September 19, 2006. The EEOC found reasonable cause to believe that Home Depot violated Title VII and the ADEA in discharging Plaintiff because of his race (Asian/Pacific Islander), national origin (Pakistani), religion (Islamic Muslim), age (49), and in retaliation for complaining of

discriminatory conduct. On February 28, 2007, after the parties were unable to settle Plaintiff's claims, the EEOC issued a right-to-sue letter to Plaintiff. Plaintiff then commenced this lawsuit wherein he asserts three claims for relief against Defendants: (1) violation of Section 1981(First Claim for Relief); (2) violation of Title VII (Second Claim for Relief); and (3) violation of the ADEA (Third Claim for Relief). By the Motion, Home Depot seeks the dismissal of Plaintiff's Second and Third Claims for Relief.

## II. Standard of Review

Home Depot's motion to dismiss is predicated on Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule12(b)(6), I may properly consider any documents that are attached to the complaint as exhibits or that are referred to in the complaint provided that the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002); *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001). Rule 12(b) provides, however, that if matters outside the pleadings are presented to and not excluded by the court, then a motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Because both Home Depot and Plaintiff have submitted exhibits in connection with Home Depot's motion that were neither attached as exhibits to Plaintiff's Amended Complaint nor referred to therein, I analyze Home Depot's motion under Rule 56.

The very purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and

4

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324.

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Id.* at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

Home Depot asserts two arguments in support of the dismissal of Plaintiff's Second and Third Claims for Relief. First, Home Depot asserts that Plaintiff has failed to exhaust his administrative remedies with respect to the claims of discrimination based on race, religion, and age set forth in Plaintiff's Second and Third Claims for Relief. Second, Plaintiff argues that Plaintiff released the national origin discrimination claim set forth in Plaintiff's Second Claim for Relief when he signed the release in exchange for payment out of the settlement fund established by the *Thompson* consent decree. I will consider each of these arguments in turn.

**A. Exhaustion of Administrative Remedies**

Federal courts do not have jurisdiction over employment discrimination claims unless the plaintiff has exhausted available administrative remedies. *Shikles v. Sprint/United Management Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005). The exhaustion of administrative remedies on employment discrimination claims requires the previous filing of an administrative charge. *Mawson v. US West Business Resources, Inc.,* 23 F.Supp.2d 1204, 1215 (D. Colo. 1998).

Home Depot argues that Plaintiff did not exhaust the administrative remedies available to him with respect to his claims of claims of discrimination based on race, religion, and age because the original charge of discrimination that he filed with the EEOC alleges only national origin discrimination and was not properly amended. I agree.

Although a plaintiff's failure to mark the box for a particular type of employment discrimination is not dispositive, it creates a presumption that the plaintiff is not asserting claims corresponding to the unchecked boxes. *Gunnell v. Utah Valley State College,* 152 F.3d 1253, 1260 (10th Cir. 1998). This presumption may be rebutted by reference to the explanation or
6

narrative of the plaintiff's claim. *Id.*

Here, it is undisputed that Plaintiff did not check the boxes on his original EEOC charge for race, age, or religious discrimination. There is therefore a presumption that Plaintiff was not asserting claims for these types of discrimination at that time. The narrative portion of Plaintiff's original EEOC charge fails to rebut this presumption. Notably, Plaintiff specifically states that he believes he was discriminated against because of his national origin and does not reference any other type of discrimination. Although Plaintiff argues that the charge's inclusion of his name, country of origin, and references to Osama Bin Laden and Saddam Hussein support claims for race and religious discrimination, I conclude that these facts alone are insufficient to set forth claims for these types of discrimination.

Plaintiff attempts to cure any deficiencies in his original EEOC charge by arguing that Home Depot was well aware that he was asserting claims for other types of discrimination despite his failure to include these claims in his charge. The evidence that Plaintiff cites in support of this argument is, however, unconvincing. More importantly, Plaintiff has failed to cite any legal authority for the proposition that a failure to exhaust administrative remedies may be excused on this basis.

Having concluded that Plaintiff's original EEOC charge fails to establish the exhaustion of administrative remedies with respect to his claims of race, age, and religious discrimination, I must next consider whether Plaintiff's letter to the EEOC dated October 23, 2005 or the "amended" charge of discrimination that he submitted on June 21, 2006 satisfies this jurisdictional prerequisite. Because both of these documents were submitted to the EEOC well past 300 days after the termination of Plaintiff's employment, they must first relate back to Plaintiff's original

EEOC charge in order to be considered for this purpose. *See* 42 U.S.C. § 2000e-5(e)(1) (establishing deadline for the filing of an EEOC charge alleging discrimination in violation of Title VII); 29 U.S.C. § 626(d) (establishing deadline for the filing of an EEOC charge alleging discrimination in violation of the ADEA).

Section 1601.12(b), 29 C.F.R., provides that an EEOC charge may be amended "to cure technical defaults or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." Section 1601.12(b) further provides that "[s]uch amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."

In *Gunnell,* the Tenth Circuit applied Section 1601.12(b) and concluded that the plaintiff's supplement to her original charge which included a claim of sexual harassment did not relate back to the original charge because the original charge did not allege sexual harassment. *Gunnell*, 152 F.3d at 1260 n. 3. Likewise here, even if Plaintiff's October 23, 2005 letter to the EEOC is generously construed to include allegations of race, religious, or age discrimination, it does not relate back to Plaintiff's original EEOC charge which did not allege these types of discrimination. *See also* 29 C.F.R. § 1601.12(b) (only allegations and amendments "related to or growing out of the same subject matter of the original charge" relate back to the filing date of the original charge). Although Plaintiff's June 21, 2006 "amended" EEOC charge expressly alleges race, religious, and age discrimination, it fails to relate back to Plaintiff's original EEOC charge under the same reasoning. I further conclude that neither the unique posturing of Plaintiff's EEOC case in light of the *Thompson* consent decree nor the EEOC's ultimate determination that there was

reasonable cause to believe that Home Depot unlawfully discriminated against Plaintiff based on his race, national origin, religion, and age dictate a contrary result.

Accordingly, because Plaintiff did not timely assert claims of race, religious, or age discrimination by Home Depot with the EEOC, he failed to exhaust his administrative remedies with respect to these claims. These claims must therefore be dismissed for lack of subject matter jurisdiction.

**B. Release of Claims**

Plaintiff's Second Claim for Relief alleges that he was unlawfully discriminated against based on his national origin by his wrongful discharge. Home Depot argues that this claim of national origin discrimination claims is precluded by the release Plaintiff signed in connection with the settlement he obtained under the *Thompson* consent decree. I disagree.

Under Colorado law, releases are subject to close scrutiny. *Anderson v. Eby,* 998 F.2d 858, 862 (10th Cir. 1993). Here, Plaintiff released Home Depot "from any and all claims ... arising out of events which occurred between January 1, 2000 and September 23, 2004 and alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., including 42 U.S.C. § 2000e-3(a), ***by either (a) retaliation or (b) hostile work environment based on gender, race, or national origin.***" (Emphasis added). By its express term then, the release in question only applies to Title VII claims alleging retaliation and hostile work environment. Because Plaintiff's national origin discrimination claim under Title VII does not allege retaliation or hostile work environment, it is not subject to dismissal based on the release Plaintiff provided to Home Depot.

For the reasons set forth above, IT IS ORDERED that:

1) Home Depot's Motion to Dismiss Plaintiff's Second and Third Claims for Relief [Doc # 4] is GRANTED IN PART and DENIED IN PART;

2) Plaintiff's claims of discrimination based on race and religion contained in his Second Claim for Relief are hereby DISMISSED WITH PREJUDICE for lack of jurisdiction;

3) Plaintiff's Third Claim for Relief is hereby DISMISSED WITH PREJUDICE in its entirety for lack of jurisdiction.

Dated: January __10th__, 2008 in Denver, Colorado.

                                      BY THE COURT:

                                      s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, JUDGE